UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-60415-BLOOM**

ERNEST VICTOR,

      Petitioner,

v.

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

      Respondent.

_____/

<u>**ORDER OF DISMISSAL**</u>

**THIS CAUSE** is before the Court upon *pro* se Petitioner Ernest Victor's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. [1] ("Petition"). Petitioner seeks the Court's permission to file an "actual innocence" claim challenging his conviction and sentence in Broward County Case No. 11016416-CF-10A. *Id.* at 1. The Court has reviewed the Petition, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is dismissed without prejudice.

"Federal courts have . . . have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial . . . framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). "[A] prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on § 2254 petitions . . . by nominally bringing suit under § 2241." *Holland v. Sec'y Fla. Dep't of Corr.*, 941 F.3d 1285, 1287 (11th Cir. 2019). Petitioner filed the Petition nominally under 28 U.S.C. § 2241. ECF No. [1] at 1. However, he is in the custody of the Florida Department of Corrections pursuant to a judgment of a Florida state court, and he challenges his sentences and

convictions. *Id.* Therefore, his petition is governed by § 2241 and § 2254. *See Thomas v. Crosby*, 371 F.3d 782, 787-88 (11th Cir. 2004); *see also Bowles v. Sec'y, Fla. Dep't of Corr.*, 935 F.3d 1176 (11th Cir. 2019) (describing the Antiterrorism and Effective Death Penalty Act's "restrictions on second or successive applications" as a "procedural obstacle" that cannot be overcome by bringing suit under § 2241).

Petitioner states that he has "a serious actual innocent claim" regarding the victim in his case recanting her statements. ECF No. [1] at 1. He states that he "never had the chance to raise this claim correctly do [sic] to being pro se and incompetent to the law[.]" *Id.* (alterations added). Petitioner previously filed a § 2254 petition for writ of habeas corpus that was denied on the merits. *See Victor v. Jones*, No. 18-cv-62401-WPD (S.D. Fla. Feb. 21, 2019), ECF No. [27].

Rule 4(b) of the Rules Governing § 2254 Cases provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Consistently, the United States Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (alterations added; citation omitted). Against this backdrop, courts reviewing a motion under Rule 4 must construe *pro se* motions liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Upon review of the Petition, the Court finds that the Petitioner is not entitled to relief. Petitioner's initial § 2254 petition, which challenged the same conviction and sentence, was denied following a merits review. *See Victor*, No. 18-cv-62401-WPD, ECF No. [27] at 3 ("The actual innocence gateway is only open when evidence of innocence is so strong that a court cannot have confidence in the outcome. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). Victor has made no such showing."). "Before presenting a second or successive petition, the petitioner must obtain an order

from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Rules Governing § 2254 Cases, Rule 9. "[S]econd or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) (citations omitted).

As authorization has not been granted, this Court lacks jurisdiction to hear this instant Petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Because the Court "lack[s] subject matter jurisdiction to consider the [instant] successive petition, [the Court may] not issue a [certificate of appealability]" with respect to the Petitioner's claims. *See Aruanno v. Florida*, No. 20-cv-23135-BB, 2020 WL 8675810, at *1 (S.D. Fla. July 30, 2020) (citing *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007)).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition, **ECF No. [1]**, is **DISMISSED**.

2. No certificate of appealability shall issue.

3. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

4. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 25, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Ernest Victor

Case No. 22-cv-60415-BLOOM

#L19047
Wakulla Correctional Institution-Annex
Inmate Mail/Parcels
110 Melaleuca Drive
Crawfordville, FL 32327